John and Peta BAIN, individually, and on behalf of Scott Bain, deceased, Plaintiffs,

v.

HONEYWELL INTERNATIONAL, INC. and BELL HELICOPTER TEXTRON, INC., Defendants.

No. 1:01–CV–412.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 4, 2003.

Order denying Reconsideration March 6, 2003.

Martin White Dies, Attorney at Law, Orange, TX, Michael David Sydow, Rick A Eckerson, Sydow Kormanik Carrigan & Eckerson, Houston, TX, for Plaintiffs.

William Lee Maynard, Beirne Maynard & Parsons, Houston, TX, Clark Reed Nichols, Perkins Coie, Seattle, WA, Winstol D Carter, Jr., Richard T Stilwell, Jenifer King Points, Fulbright & Jaworski, Houston, TX, for Defendants.

## ORDER *GRANTING HONEYWELL INTERNATIONAL. INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

SCHELL, District Judge.

### I. Background

This matter is before the court on "Honeywell International Inc.'s Motion to Apply the Law of British Columbia and for Partial Summary Judgment," filed on July 31, 2002 (Dkt.# 33). On September 17, 2002, this court ruled in part on the present motion and issued an order (Dkt.# 45) that (1) granted Honeywell International, Inc.'s ("Honeywell") motion to apply British Columbia law, (2) denied Plaintiffs' motion to apply Texas and Alberta law, and (3) in light of the court's ruling applying British Columbia law and pursuant to Plaintiffs' request, withheld a ruling on Honeywell's motion for partial summary judgment as to damages until the parties had more time to submit further briefing on the issue.

Both parties have submitted additional and extensive briefing, and the court is now prepared to rule on Honeywell's motion for partial summary judgment as to the damages Plaintiffs may recover under British Columbia law.

### II. Summary Judgment Standard

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The substantive law identifies which facts are material. *See id.* at 248, 106 S.Ct. 2505. The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. *See id.* at 247, 106 S.Ct. 2505. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *See Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. In this instance, the movant is not required to offer evidence to negate the nonmovant's claims. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 885–86, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson,* 477 U.S. at 257, 106 S.Ct. 2505.

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial. *Lavespere v. Niagara*

*Mach. & Tool Works, Inc.*, 910 F.2d 167, 175–76 (5th Cir.1990). In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant. *See Anderson,* 477 U.S. at 255, 106 S.Ct. 2505. The evidence of the non-movant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *See id.*

### III. Analysis

After reviewing the supplemental briefing, the court finds that the following interpretations of British Columbia law are not in dispute: (1) any damages arising out of the helicopter accident in question must be provided for, either explicitly or implicitly, under the Estate Administration Act, R.S.B.C.1996, c. 122, or the Family Compensation Act, R.S.B.C.1996, c. 126 (collectively, the "Acts"), (2) neither of the Acts provide for "pain and suffering" damages, and (3) neither of the Acts provide for the lost "future earnings" of Scott Bain as recoverable damages.

The following damages issues are in dispute and will be discussed *seriatim:* (1) whether the Acts provide for "loss of service" damages, (2) whether the Acts provide for "loss of guidance and companionship" damages, (3) whether the Acts provide damages for any "nervous shock" suffered by Plaintiffs, (4) whether the Acts provide for, and whether the Bains are entitled to, repayment of funeral and burial expenses, and (5) whether the Acts provide for punitive damages against Honeywell.

*1. "Loss of service" damages.*

■ Damages for "loss of service" under the Family Compensation Act:

"[represent] the pecuniary loss suffered by the *dependants* as a consequence of

the death. That pecuniary loss is the actual financial benefit of which they have been deprived and includes financial benefit which might reasonably be expected to accrue in the future if the death had not occurred."

*Brown v. Finch* (1997), 99 B.C.A.C. 147, ¶ 3 (emphasis added) (citing *Nance v. B.C. Elec. Ry.*, [1951] A.C. 601, 2 W.W.R. (N.S.) 665, [1951] 3 D.L.R. 705). Plaintiffs have presented no evidence indicating that they were in any way "dependent" on their son, the late Scott Bain.[1] Accordingly, because Plaintiffs have presented no evidence of any "actual" or pecuniary damages suffered as a result of their son's death, the court finds that Honeywell's motion for partial summary judgment as to "loss of service" damages under the Family Compensation Act should be GRANTED.

*2. "Loss of guidance and companionship" damages.*

■ Damages for "loss of guidance and companionship" under the Family Compensation Act:

"is normally associated with a young child's loss of a parent ... usually the head of damage compensates for the loss of the unique and usually irreplaceable role of a parent or close relative in nurturing and shaping another's life."

*Zeleniski Estate et al. v. Fairway* (1998), 114 B.C.A.C. 270, ¶ 45; *Cahoose v. Ins. Corp. of British Columbia* (1999), 123 B.C.A.C. 310, ¶ 14 ("loss of guidance and companionship ... [is] usually a relevant consideration in cases involving the death of an adult leaving surviving infants"). While the court has no doubt that Plaintiffs, as parents, nurtured and shaped Scott Bain's life, it is equally clear to the court that the purpose of "loss of guidance

---

**1.** A claim of "loss of service" damages would survive summary judgment if there were, for example, evidence that Scott Bain sent money

back to his parents in Australia for financial support.

and companionship" damages is to compensate the individual who has suffered the damage of *not benefitting* from any future nurturing (usually a child) and not to compensate the individual unable to *impart* any future nurturing (usually a parent). British Columbia law appears to allow recovery of damages when one can no longer *receive* a benefit as a result of another's negligence, but damages are not recoverable for one who can no longer *give* a benefit as a result of another's negligence. Certainly, there *could* be situations, in which a child imparts nurturing and "shaping" knowledge to a parent that would warrant "loss of guidance and companionship" damages being awarded *to a parent* for the loss of a child. However, in the present case, Plaintiffs have presented no evidence of this type of relationship. Accordingly, the court finds that Honeywell's motion for partial summary judgment as to "loss of guidance and companionship" damages under the Family Compensation Act should be GRANTED.

*3. "Nervous shock" damages.*

 Plaintiffs are entitled to recover damages for "nervous shock" only if they meet every element of the *Rhodes* test: (1) relational proximity (the closeness of the relationship between the claimant and the victim of the defendant's conduct), (2) locational proximity (being at the scene and observing the shocking event), and (3) temporal proximity (the relation between the time of the event and the onset of the psychiatric illness). *Devji v. Burnaby* (1999), 129 B.C.A.C. 161, ¶ 38. It is undisputed that Plaintiffs were in Australia at the time of the accident, and thus, nowhere near the scene of the helicopter crash in British Columbia. Accordingly, because Plaintiffs cannot prove the locational proximity element of "nervous shock", the court finds that Honeywell's motion for partial summary judgment as to "nervous shock" damages should be GRANTED.

*See Rumley v. British Columbia* (1999), 131 B.C.A.C. 68, ¶ 7 ("Nervous shock claims normally require that the plaintiff be present at the scene of the traumatic event or its immediate aftermath.").

*4. Funeral and Burial Expenses.*

 Although provided for in the Family Compensation Act, Honeywell objects to Plaintiffs request for "funeral and burial expenses" as recoverable damages because "plaintiffs are not entitled to recover damages for funeral expenses paid by the [British Columbia Workers' Compensation Board]. Plaintiffs present no evidence that they paid any funeral expenses." Honeywell's Reply at 11. Plaintiffs counter that "the Workers' Compensation Board of British Columbia paid for *some* of the expenses." Pls.' Resp. at 8 (emphasis added). While the court would like to take Plaintiffs at their word that the British Columbia Workers' Compensation Board did not pay for all of the funeral expenses and that, presumably, Plaintiffs paid for part of the burial costs, the court must make its ruling within the confines of Rule 56(e) of the Federal Rules of Civil Procedure, which requires the Bains to "set forth specific facts showing that there is a genuine issue for trial." The Bains have provided no evidence that they paid for any of Scott Bain's burial expenses, and accordingly, the court finds that Honeywell's motion for partial summary judgment as to "funeral and burial expenses" should be GRANTED.

*5. Punitive Damages.*

 Neither the Family Compensation Act nor the Estate Administration Act provide for punitive damages. *Allan Estate v. Co–Operators Life Ins. Co.* (1999), 117 B.C.A.C. 237, ¶¶ 71–73 ("Punitive damages are not damages proportioned to the injury resulting from the death .... So punitive damages cannot be assessed or

awarded in a *Family Compensation Act* action .... Punitive damages do not fall within the category of damages for diminution of the personal estate of the deceased. So punitive damages cannot be assessed or recovered in an action under the *Estate Administration Act* of British Columbia.") Accordingly, the court finds that Honeywell's motion for partial summary judgment as to punitive damages should be GRANTED.

## IV. Conclusion

Upon consideration of the written submissions of the parties and applicable law, the court is of the opinion that Honeywell's motion for partial summary judgment as to "loss of service" damages, "loss of guidance and companionship" damages, "nervous shock" damages, "funeral and burial expenses", and punitive damages should be GRANTED.

It is so ORDERED.

## *ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION*

This matter is before the court on "Plaintiffs' Motion for Reconsideration of Order Granting Honeywell International, Inc.'s Motion for Partial Summary Judgment," filed on February 19, 2003 (Dkt.# 71). Defendant Honeywell International, Inc. ("Honeywell") filed a response in opposition on February 27, 2003 (Dkt.# 73).

### *Background*

On February 4, 2003, this court signed an order styled "Order Granting Honeywell International, Inc.'s Motion for Partial Summary Judgment" ("order") (Dkt.# 70) that effectively precluded plaintiffs from recovering any damages on their claims against Honeywell. Significantly, part of the order held that (1) as a matter of British Columbia law, plaintiffs could not recover punitive damages against Honeywell; and (2) plaintiffs could not recover funeral and burial expenses against Honeywell because plaintiffs presented no evidence as to expenses they actually incurred in laying their son to rest.

Plaintiffs filed the present motion urging the court to reconsider the order because:

The Court's recent Order eviscerates the Plaintiffs' case .... Honeywell has never moved for summary judgment based upon BC law *or* a lack of evidence that the Bains paid for any of Scott Bain's burial or funeral expenses. Likewise, Honeywell did not move for summary judgment on punitive damages.

Pls.' Mot. for Reconsideration at 2. Essentially, plaintiffs argue that Honeywell never requested that the court grant summary judgment as to plaintiffs' claims for punitive damages or funeral and burial expenses, so therefore, those issues were not properly before the court and should not have been ruled on.

Plaintiffs' argument is unavailing.

### Punitive Damages

▮ Punitive damages are not available to the plaintiffs, *as a matter of British Columbia law*, and therefore, it is immaterial when and if Honeywell ever raised this issue before the court because plaintiffs cannot under any circumstances recover punitive damages against Honeywell.[1] Or-

---

1. Moreover, plaintiffs did address the issue of punitive damages in their briefing before the court and, importantly, *never* asserted that Honeywell's argument that punitive damages were precluded under British Columbia law was not before the court. In fact, plaintiffs actually *argued* to this court that punitive damages were provided for under British Columbia law. Pls.' Resp. to Honeywell's Mot. for Partial Summ. J. at 4 (Dkt.# 54) ("Plaintiffs also contend that they should be entitled to submit evidence on and recover punitive damages."). Unfortunately for plaintiffs, the court ruled otherwise.

As a result, the court disagrees with the plaintiffs' argument that the issue of punitive

der Granting Mot. for Partial Summ. J. at 6.

### Funeral and Burial Expenses

Plaintiffs' argument that summary judgment as to the funeral and burial expenses claim was not properly before the court is unpersuasive considering that, in their response to Honeywell's motion for partial summary judgment, plaintiffs requested the following relief from the court: "Plaintiffs request this Court to deny Honeywell's Motion for Partial Summary Judgment as to ... the funeral and burial expenses incurred by the Estate." Pls.' Resp. to Honeywell's Mot. for Partial Summ. J. at 8. Plaintiffs clearly acknowledged that the issue was before the court.

Once again, after placing the issue of funeral and burial expenses squarely before the court, plaintiffs may not now argue that Honeywell never requested summary judgment as to funeral and burial expenses in its motion for partial summary judgment.[2] By affirmatively requesting that the court deny Honeywell summary judgment as to funeral and burial expenses (which plaintiffs now claim was not properly before the court), the plaintiffs have waived any objection to the court's ruling.

### Conclusion

Upon consideration of the written submissions of the parties and applicable law, the court is of the opinion that plaintiffs' motion for reconsideration should be DENIED.

It is so ORDERED.

---

damages was not properly before the court *after* they opted to brief the issue.

Also, because the court has already ruled that, under British Columbia law, plaintiffs cannot recover punitive damages against Honeywell, it would be a waste of resources for all of the parties involved in this matter to re-argue and this court to reconsider an issue the court has already ruled on *as a matter of law*.

2. Subsequent to its motion for partial summary judgment, Honeywell filed an additional summary judgment motion as to *all issues* (Dkt.# 53). In their response to this motion, plaintiffs stated that "[w]ith respect to arguments that Plaintiffs have *no damages* [which would presumably include funeral and burial expenses], Plaintiffs incorporate by reference the previously filed response to Honeywell's Motion for Partial Summary Judgment." Pls.' Resp. to Honeywell's Mot. for Summ. J.

as to All Issues at 10 (emphasis added) (text added).

Giving the plaintiffs the benefit of the doubt, and assuming *arguendo* that summary judgment as to funeral and burial expenses and punitive damages was not properly before the court in Honeywell's motion for partial summary judgment, then these issues surely are properly before the court in Honeywell's motion as to *all issues* (which the court has not, as of yet, ruled on). Curiously though, in their response to Honeywell's motion for summary judgment as to all issues, plaintiffs again offered *no evidence* as to any funeral and burial expenses actually incurred by the Bains and paradoxically they incorporated by reference their arguments as to funeral and burial expenses and punitive damages made in response to Honeywell's motion for partial summary judgment, which plaintiffs now claim *was not properly before the court.*